**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings: (In Chambers) Order Granting Defendants' Motion to Dismiss**

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' Motion.

I. Background

According to the First Amended Complaint ("FAC"), Plaintiffs Eric Muths and Sze Chaung (collectively, "Plaintiffs") purchased a dual-residence property (the "Duplex" or "Property") in West Hollywood, California, with the intention of moving in. *See FAC* ¶¶ 5-9. In order to do so, Plaintiffs evicted the tenants living in the Duplex at the time. *FAC* ¶¶ 6-9. Less than a year later, Plaintiffs moved out and rented each unit to new tenants. *FAC* ¶¶ 12-14. Those tenants only stayed in the Duplex for approximately two months, and after they left Plaintiffs entered into lease agreements with two other tenants at a substantially increased, market-rate rent. *FAC* ¶¶ 17-18.

In July 2007, the City of West Hollywood (the "City") notified Plaintiffs that they were charging too much rent for the Duplex in violation of the City's Rent Stabilization Ordinance, which sets maximum allowable rents for dwellings in the City. *FAC* ¶ 22. Plaintiffs appealed that decision and the City recanted its earlier determination, stating instead that Plaintiffs could charge market rates. *FAC* ¶ 24. It is what happened after the appeal that is the basis for this lawsuit.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

Plaintiffs allege that an attorney for the City, defendant Stephen Lewis (together with the City, "Defendants"), in bad faith, "engaged in an illegal and intentional campaign to reduce the [maximum allowable rent] for the Property so as to deprive Plaintiffs of the ability to make their mortgage payments and thus, ultimately, lose the Property to foreclosure." *FAC* ¶ 25. This allegedly led the City and the Rent Stabilization Commission to "reopen" the appeal, "conduct extensive fact finding about the rental history of the Property," and, on or about July 24, 2008, determine that the monthly rent charged by Plaintiffs exceeded the maximum rent allowed by City ordinance. *FAC* ¶ 34; *see Request for Judicial Notice* ("*RJN* ") 48, Ex. F. In November of 2009, the Duplex was "lost to foreclosure." *FAC* ¶ 37.

Based on the conduct described, Plaintiffs filed the pending lawsuit on December 3, 2010, asserting the following causes of action: (1) violations of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985; and (3) negligence. Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint, which, for the reasons that follow, the Court GRANTS WITH PREJUDICE.

II. Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts must be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, —U.S.—, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the Court must engage in a two-step analysis. *See id*. at 1950. First, the Court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the Court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc*., 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id*.

Finally, the Court notes that in ruling on a motion to dismiss, the Court may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider (a) documents that are "properly submitted as part of the complaint,"(b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested, and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id*. (internal quotations omitted).

III. Discussion

Defendants advance a number of arguments in the Motion to Dismiss, the first of which is that Plaintiffs' federal claims are barred by the relevant statute of limitations.[1] Specifically, Defendants argue that Plaintiffs' federal claims accrued in July of 2008, and, because Plaintiffs did not file the Complaint until December 3, 2010, their claims are barred by the applicable two-year statute of limitations. *See Mot.* 8:6-21. Perhaps anticipating this argument, the First Amended Complaint specifically alleges that the injury forming the basis of the lawsuit is the foreclosure of the Duplex, "from which all applicable statute of limitations for brining this [lawsuit] began to run." *Compl.* ¶¶ 37, 88; *see also Opp'n* 6:5-12 ("The injury, in this case, was the loss of Plaintiffs' property. The loss occurred in November 2009 and the action was filed in December 2010, which places this case squarely within the two-year limitations period under California and Federal law."). To determine the correct statute of limitations and whether Plaintiffs' claims are time barred, it is necessary to look to the First Amended Complaint to understand the basis for Plaintiffs' claims.

Plaintiffs' first claim for relief is for violations of 42 U.S.C. § 1983, which "creates a remedy for violations of federal rights committed by persons acting under color of state law." *Howlett v. Rose*, 496 U.S. 356, 358, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990). The gravamen of the claim is that Defendants violated Plaintiffs' due process rights by reopening and altering

[1] Because the Court decides Defendants Motion on statute of limitations grounds, the Court need not address the remaining arguments made in the Motion.

CV 10-9296 (04/11) **CIVIL MINUTES - GENERAL** Page 3 of 7

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

an otherwise "final" determination on the propriety of the rent Plaintiffs charged their tenants. In particular, Plaintiffs allege that:

> "[t]he City and Lewis violated Plaintiffs' due process rights under the Fifth Amendment by reopening the case which had been and was a final determination, by ignoring relevant facts pertinent to the determination of the [maximum allowable rent] for the Property, and by arbitrarily overturning its decision based solely on Lewis' Illegal Campaign [against Plaintiffs], and not on any novel or newly discovered evidence. The City further violatied Plaintiffs' due process rights under the Fifth Amendment by circumventing their own administrative procedures and acting outside of the powers enumerated under [state law] and its own municipal code."

*Compl.* ¶ 35. Similarly, Plaintiffs' second claim for relief is for violations of 42 U.S.C. § 1985, which provides a cause of action for conspiracy to violate civil rights. *See* 42 U.S.C. § 1985(2)-(3). "Specifically, Defendants conspired to and conspired with the hearing officer, who was an independent, allegedly impartial individual, who together did: engage in . . . an illegal and intentional campaign to reduce the [maximum allowable rent] for the Property so as to deprive Plaintiffs of the ability to make their mortgage payments and thus, ultimately, lose the property to foreclosure." *Compl.* ¶ 44. Moreover, "Plaintiffs did in fact suffer the deprivation of numerous rights granted to citizens of the United States, including those under the Fourth Amendment that protect against unreasonable seizure, and those under the Due Process Clause of the Fourteenth Amendment." *Compl.* ¶ 47. With these allegations in mind, the Court considers whether Plaintiffs' claims are barred by the applicable statute of limitations.

The parties agree that Plaintiffs' 42 U.S.C. § 1983 and § 1985 claims are governed by a two year statute of limitations. *See Mot.* 9:9-10; *Opp'n* 5:20. This is so because "[i]t is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) (citing *Wilson v. Garcia*, 417 U.S. 261, 266-67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) and Cal. Code Civ. P. § 335.1); *see also Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1049 n.3 (9th Cir. 2008) (treating § 1983 and § 1985 claims the same for statute of limitations purposes); *McDougal v. County of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) ("An action under § 1985(3) alleging a conspiracy to deprive a person of constitutional rights is designed to remedy the same types of harms as the deprivations actionable under § 1983. Accordingly . . . suits

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

under § 1985(3) are also best characterized as personal injury actions and are governed by the same statute of limitations as actions under § 1983."). In addition, "the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *Action Apartment Ass'n*, 509 F.3d at 1026-27 (quoting *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 86 (9th Cir. 1991)); *see also Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

Plaintiffs insist that the injury in this case "was the loss of Plaintiffs' property" to foreclosure in November 2009. *Opp'n* 6:8-12. While that may indeed have been *an* injury to Plaintiffs, that is not the relevant injury for purposes of the statute of limitations in this case. Plaintiffs' § 1983 cause of action is premised upon alleged due process violations related to reopening Plaintiffs' appeal and overturning the prior maximum-allowable-rent determination. *See Compl.* ¶ 35 (Defendants "violated Plaintiffs' due process rights . . . by reopening the case . . . by ignoring relevant facts . . . by arbitrarily overturning its [earlier] decision . . . [and] by circumventing their own administrative procedures."). Similarly, Plaintiffs' § 1985 cause of action is premised upon an alleged conspiracy to reduce the maximum allowable rent Plaintiffs could charge their tenants, which culminated in the City's decision to reopen and reconsider its prior determination in violation of Plaintiffs' due process rights. *See Compl.* ¶ 47. The last action taken by the City on Plaintiffs' appeal was on July 24, 2008. *See RJN* at 48, Ex. F.[2] This means that the government action giving rise to Plaintiffs' civil rights claims had to have occurred on or before July 24, 2008, more than two years before Plaintiffs filed this lawsuit on December 3, 2010. Not only did Plaintiffs have contemporaneous knowledge of both the government action and the alleged conspiracy that brought about the government action, but Plaintiffs actually participated in the final rent control determination before the Rent Stabilization Commission. *See RJN*, Ex. F at 41 (July 24, 2008 City resolution determining appropriate rent level) ("Chaung and Muths argue . . . It does not appear to us, as Chaung and Muths argue"). Accordingly, the statute of limitations related to Plaintiffs' § 1983 and § 1985 claims began to run well before December 2008. Because Plaintiffs waited until December 2010 to file this case, those claims are barred by the applicable two-year statute of limitations.

[2] The City provides, as Exhibit F, the resolution constituting the final finding by the City in Plaintiffs' maximum-allowable-rent appeal. *See RJN*, Ex. F. The Court considers it as it is a public record and Plaintiffs reference it in the Complaint. *See, e.g.*, *Compl.* ¶ 34. Plaintiffs offer no objection to Defendant's Request for Judicial Notice.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

Plaintiffs' attempt to circumvent application of the two-year statute of limitations by using the date of foreclosure of the Duplex as the date on which the statute of limitations began to run is unavailing. In doing so, Plaintiffs cite to *Allen v. United Food & Commercial Workers Int'l Union*, 43 F.3d 424 (9th Cir. 1994), and argue that because foreclosure was not certain to occur as a result of the City's maximum-allowable-rent determination, the damages were too speculative until the foreclosure actually occurred. *See Opp'n* 6:13-7:20; *see also Allen*, 43 F.3d at 427 ("An action cannot be successful maintained if, at the time the plaintiff becomes aware of the wrong, the plaintiff's damages are not certain to occur or too speculative to be proven."). The *Allen* court made it a point to clarify, however, that there is a difference between uncertain damage and uncertain extent of damage. *See Allen*, 43 F.3d at 427 (there is a difference between "uncertain damage, which prevent[s] recovery, [and] an uncertain *extent* of damage, which [does] not prevent recovery" (emphasis in original)). Assuming, without deciding, that the foreclosure was an injury sufficiently caused by the City's rent determination, it was the process itself that Plaintiffs complain about and the statute of limitations began to run when the due process violations and corresponding conspiracy to violate Plaintiffs' civil rights occurred. *See Action Apartment Ass'n*, 509 F.3d at 1027; *see also Morgan v. Komers*, 151 Fed. Appx. 546 (9th Cir. 2005). Plaintiffs admittedly knew about the basis for their claims by July of 2008, yet waited to file this case until December of 2010. *See Compl.* ¶¶ 30-36.[3]

In their Opposition, Plaintiffs make passing reference to application of equitable tolling in this case. *See Opp'n* 5:23. The extent of their argument is: "Defendants have miscalculated the tolling date for Plaintiffs' claims." Plaintiffs offer no explanation as to why tolling applies, nor do they offer any facts that, if pleaded, would support a tolling theory. In fact, in the very next paragraph, instead of addressing any viable tolling theory, Plaintiffs argue about their injury and the actual accrual date of their claims. *See Opp'n* 7:4-20. The Complaint, the First Amended Complaint and the Opposition offer no explanation or factual basis that would support equitable tolling. Thus, the Court's statute of limitations analysis is unaffected by Plaintiffs' passing reference to equitable tolling.

IV. <u>Conclusion</u>

[3] To the extent that Plaintiffs Complaint can be read to include a Fourth Amendment "seizure" claim against Defendants based on the later foreclosure of the Duplex, Plaintiffs make no attempt to even allege that the City had any role in the foreclosure process sufficient to state a Fourth Amendment "seizure" claim.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#24**
**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9296 PSG (AJWx) | Date | April 22, 2011 |
|---|---|---|---|
| Title | Eric Muths, *et al.* v. City of West Hollywood, *et al.* | | |

Based on the foregoing, the statute of limitations bars both Plaintiffs' 42 U.S.C. § 1983 and § 1985 claims. Plaintiffs already amended the Complaint once and because Plaintiffs cannot allege any facts to alter their knowledge of the alleged federal law violations less than two years before filing this suit, the Court DISMISSES Plaintiffs' first two causes of action WITH PREJUDICE. *See Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921, 112 S. Ct. 332, 116 L. Ed. 2d 272 (1991). Moreover, the Court declines to exercise supplemental jurisdiction over Plaintiffs' negligence claim, thus, closing the case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v Cohill*, 484 U.S. 343, 350 n.7, 98 L. Ed. 2d 720, 108 S. Ct. 614 (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Bryant v. Adventist Health System/West*, 289 F.3d 1162, 1169 (9th Cir. 2002) ("Because the district court did not err in granting summary judgment on the federal claims, it did not abuse its discretion in dismissing the state-law claims.").

**IT IS SO ORDERED.**